UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAHI SHADLI | Civil Action No. 13-802 (ES)(MAH) |
| Plaintiff, | |
| v. | |
| JEFFREY S. WEEN & ASSOCS. et al., | OPINION & ORDER |
| Defendants. | |

Presently before the Court is Plaintiff's Motion for the Appointment of *Pro Bono* Counsel pursuant to 28 U.S.C § 1915(e)(1). *See* Motion for *Pro Bono* Counsel, November 10, 2015, D.E. 62. For the reasons set forth below, Plaintiff's request is granted.

I. BACKGROUND

On February 7, 2013, Plaintiff filed suit against his former attorneys whom he had hired to represent him in a breach of contract action against his landlord in New York state court. See Compl., Feb. 7, 2013, D.E. 1. Plaintiff claims that Defendant attorneys withdrew from his case without his knowledge or consent despite having paid them a retainer, and that as a result, his state action in New York was dismissed. *Id.*

Plaintiff made an application for the appointment of pro bono counsel on November 5, 2013. Letter from Plaintiff Seeking the Appointment of Counsel, Nov. 5, 2013, D.E. 26. On December 17, 2013, Magistrate Judge Dickson granted Plaintiff's application for pro bono counsel, determining that Plaintiff would have some difficulty representing himself in this action due to the nature of Plaintiff's claims because proving his claims would turn on credibility determinations and would require expert testimony. Order Regarding Granting Plaintiff's

1

Application for Pro Bono Counsel, Dec. 17, 2013, D.E. 27. On April 9, 2014, counsel was appointed by the Office of the Clerk from the Civil *Pro Bono* Panel pursuant to Appendix H of the Local Civil Rules, Procedures Governing Appointment of Attorneys in Pro Se Civil Actions. Letter to Plaintiff regarding pro bono counsel appointment, April 9, 2014, D.E. 30. On January 15, 2015, appointed counsel made a motion to withdraw as counsel for Plaintiff. Motion to Withdraw as Attorney for Plaintiff, Jan. 15, 2015, D.E. 46. Court-appointed counsel were relieved of their duties on September 8, 2015, after it became apparent that Plaintiff and his attorneys could not agree as to how to proceed with this matter. Order Granting Motion to Withdraw, Sept. 8, 2015, D.E. 58. On November 10, 2015, Plaintiff filed the instant motion for appointment of counsel. Motion to Appoint Pro Bono, Nov. 10, 2015, D.E. 62.

## II. DISCUSSION

In civil cases, neither the Constitution nor any statute gives civil litigants the right to appointed counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). District courts, however, have broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e). *See Montgomery v. Pinchack*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). Appointment of counsel may be made at any point in the litigation, including *sua sponte* by the Court. *Montgomery*, 294 F.3d at 498.

In the Third Circuit, the Court considers the framework established in *Tabron v. Grace*. *Id.* at 498–99. Under the *Tabron* framework, the Court must first assess "whether the claimant's case has some arguable merit in fact and law." *Id.* at 499 (citing *Tabron*, 6 F.3d at 155.) If the applicant's claim has some merit, the Court considers the following factors:

    (1) the plaintiff's ability to present his or her own case;
    (2) the complexity of the legal issues;

>      (3) the degree to which factual investigation will be necessary and the ability of
>      the plaintiff to pursue such investigation;
>      (4) the amount a case is likely to turn on credibility determinations;
>      (5) whether the case will require the testimony of expert witnesses;
>      (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham*, 126 F.3d at 457–58 (citing *Tabron*, 6 F.3d at 155–56, 157 n.5). This list is not exhaustive, but provides a guidepost for the Court. *Montgomery*, 294 F.3d at 499 (citing *Parham*, 126 F.3d at 457). A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157–58. In addition, the United States Court of Appeals for the Third Circuit has stated that courts should "exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery*, 294 F.3d at 499. Here, for the purposes of deciding this motion, the Court assumes that Plaintiff's claims have merit.

The Court finds that the appointment of counsel is warranted in this case for the same reasons set forth by Magistrate Judge Dickson back in 2013. The reasons set forth by Judge Dickson are no less true today. This case will likely come down to a question of credibility, *i.e.*, who said what to whom with respect to how Mr. Shadli's case against his landlord in New York state court was to proceed. In addition, because Plaintiff's claim is one of professional negligence, expert testimony is likely to be required. Therefore, because the *Tabron* factors continue to weigh in favor of the appointment of counsel, the Court finds that appointment of counsel is warranted this this matter. However, the Court admonishes Plaintiff that he must make a good faith effort to work civilly and in good faith with new counsel as the Court's resources for the pro bono counsel are not unlimited, and failure to do so may result in denial of any future applications for the appointment of pro bono counsel.

3

### III.   CONCLUSION AND ORDER

For the reasons set forth above, the Court grants Plaintiff's application for pro bono counsel.

**IT IS THEREFORE** on this **11th day of January, 2016,**

**ORDERED** that Plaintiff's motion for pro bono counsel, (ECF No. 62), is **GRANTED;** and it is further

**ORDERED** that this case is referred to the Office of the Clerk for the appointment of an attorney from the Civil *Pro Bono* Panel pursuant to Appendix H of the Local Civil Rules, Procedures Governing Appointment of Attorneys in Pro Se Civil Actions.

**So Ordered.**

*s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**

**Dated: January 11, 2016**