Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAHI SHADLI,<br><br>　　　　*Plaintiff,*<br><br>　v.<br><br>MICHAEL P. KOZEK, JEFFREY S. WEEN & ASSOCIATES, and 8835 23rd AVE. TENANTS CORP.,<br><br>　　　　*Defendants.* | Civil Action No. 13-802<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court through a motion to dismiss for lack of subject matter jurisdiction filed by Defendant 8835 23rd Ave. Tenants Corp. D.E. 72. Plaintiff Dahi Shadli filed a brief in opposition to which Defendant replied. D.E. 73, 74. The Court reviewed the submissions in support and in opposition, and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendant's motion is **DENIED**. Defendant, however, is **DISMISSED** from this matter pursuant to Federal Rules of Civil Procedure 20 and 21.

**I.　BACKGROUND**

Plaintiff and his wife, Mrs. Shadli, are proprietary leaseholders of Apartment #E8, located at 8835 23rd Avenue, Brooklyn, New York, 11214 ("the apartment"), and owners of 106 shares of 8835 23rd Ave. Tenants Corp. *See* Certification of Dahi Shadli ("Shadli Cert.") ¶ 2, D.E. 37-1. Mrs. Shadli and their children still reside in the apartment but Plaintiff lives in Newark, New

Jersey. *Id.* Beginning in 2011, Plaintiff filed multiple cases against Defendant in New York state court and the Southern District of New York due to Defendant's alleged breach of the lease and related claims ("the New York matters"). Compl. at 2, D.E. 1; Def's Motion to Dismiss Exs. A-H. Plaintiff was represented by Defendants Jeffrey S. Ween and his law firm (now Ween & Kozek, LLP) for at least a portion of the New York matters. Compl. at 2. After all of the New York matters were dismissed, Plaintiff filed suit in this court. *See generally id.* Plaintiff's pleading and briefs are unclear, however, this matter appears to involve a legal malpractice claim against Mr. Ween and his law firm, stemming from the New York matters.

The parties have also construed the pleading as stating a breach of contract claim against Defendant, Plaintiff's landlord.[1] *Id.* In response to a previously filed motion to dismiss in this case that was not decided, Plaintiff clarified that the breach of contract claim relates to a leak and a resulting mold condition in the apartment that was discovered in 2013. This leak is separate and distinct from issues raised in the New York matters. Shadli Cert. ¶¶ 6-7, D.E. 37-1.

Per an order from Judge Clark, Defendant filed this motion on June 29, 2016 seeking dismissal due to the lack of subject matter jurisdiction. D.E. 72. Defendant argues that Mrs. Shadli is a necessary and indispensable party for the breach of contract claim who destroys diversity jurisdiction. Def's Br. at 5-10. Defendant, however, has not filed a Rule 19 motion, pursuant to the Federal Rules of Civil Procedure, to join Mrs. Shadli as a party to this litigation or a motion to dismiss pursuant to Rule 12(b)(7) for failure to join a party under Rule 19. Defendant also contends that the breach of contract claim should be dismissed because it is not related to the malpractice claim, such that the Court can exercise supplemental jurisdiction. *Id.* at 11-13. Plaintiff counters

---

[1] Plaintiff originally filed suit *pro se*. Since March 16, 2016, shortly after his second application to appoint *pro bono* counsel was granted, Plaintiff has been represented by counsel. D.E. 64, 68.

2

that Mrs. Shadli is not a necessary and indispensable party to the malpractice claim and that this Court has subject matter jurisdiction because all of the Defendants are citizens of New York for the purposes of diversity jurisdiction. Plf's Br. at 5-11, D.E. 73.

For the reasons stated below, the Court finds that there is subject matter jurisdiction over the legal malpractice claim. To the extent Plaintiff pleads a claim for breach of contract, the claim is separate and distinct from the malpractice claim. As a result, the Court will exercise its discretion to *sua sponte* sever this claim pursuant to Rule 21.

## II. DISCUSSION

### 1. Subject Matter Jurisdiction

Pursuant to Fed. R. Civ. P. 12(h)(3), a complaint must be dismissed whenever the Court determines that it lacks subject matter jurisdiction. *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 437 (D.N.J. 1999). Consequently, a Rule 12(b)(1) motion raising lack of subject matter jurisdiction may be brought at any time. *Id.* at 437-38. In deciding a Rule 12(b)(1) motion, a court must first determine whether the party presents a facial or factual attack because the distinction determines how the motion is reviewed. A facial attack "contests the sufficiency of the complaint because of a defect on its face," whereas a factual attack "asserts that the factual underpinnings of the basis for jurisdiction fails to comport with the jurisdictional prerequisites." *Elbeco Inc. v. Nat'l Ret. Fund*, 128 F. Supp. 3d 849, 854 (E.D. Pa. 2015) (quoting *Moore v. Angie's List, Inc.*, 118 F. Supp. 3d 802, 806 (E.D. Pa. 2015)). For a facial attack, "the Court must consider the allegations of the complaint as true," much like a Rule 12(b)(6) motion to dismiss. *Bd. of Trs. of Trucking Emps of N. Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, Inc.*, No. 09-6447, 2010 WL 2521091, at *8 (D.N.J. June 11, 2010) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006)). For a factual attack, "the allegations of the complaint have no presumptive

truthfulness and the court must weigh the evidence presented by the parties." *Id.* (citing *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 290-91 (3d Cir. 2006)). Regardless of whether the attack is facial or factual, "the Plaintiff has the burden to prove that the Court has jurisdiction." *Id.* (citing *Petruska*, 462 F.3d at 302). Because Defendant relies on information outside the pleadings in challenging jurisdiction, Defendant mounts a factual attack. *See Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).

"The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions between . . . citizens of different States where the amount in controversy exceeds $75,000." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (internal quotation marks omitted). "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citation omitted).

As pled, the Court has subject matter jurisdiction over this matter pursuant to Section 1332. Plaintiff alleges that the amount in controversy for the legal malpractice claim exceeds $75,000, and Defendant does not dispute this amount. Compl. at 2. In addition, as pled, all of the Defendants are citizens of New York. Defendants Jeffrey S. Ween & Associates and Michael P. Kozek, are listed with the address: 150 Broadway, Suite 1920, New York, NY, 10038. *Id.* at 1. Defendant 8835 23rd Ave. Tenants Corp. is listed with the address 1274 49th St. #356, Brooklyn, NY, 11219. *Id.* Plaintiff resides at 92 Spring Field Avenue Unit 3443, Newark, NJ, 07103. *Id.* Defendant also does not dispute the alleged citizenship of any of the named parties. Therefore, diversity jurisdiction exists.

Defendant maintains that diversity jurisdiction is lacking for the breach of contract claim because Mrs. Shadli is a necessary and indispensable party under Rule 19. Def's Br. at 5-10. But as discussed, Defendant has not made a motion to join Mrs. Shadli in this case. The Court will not address Defendant's arguments based on an anticipated plan to join a party; such an argument is more appropriately addressed through a Rule 12(b)(7) or Rule 19 motion. *See Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007) (explaining that if in analyzing a Rule 12(b)(7) motion to dismiss a court determines that a party is indispensable under Rule 19 that case must be dismissed); *cf. Jim Walter Corp. v. Fed. Trade Comm'n*, 625 F.2d 676, 681 (5th Cir. 1980) (stating that indispensable party must be joined before court can make decision as to lack of jurisdiction). Because Defendant did not make such a motion, the Court will only consider whether it has jurisdiction over the claims as presently pled.

### 2. Misjoinder of Defendant

Misjoinder occurs when "the events that give rise to the plaintiff's claims against defendants do not stem from the same transaction." *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006). Pursuant to Federal Rule of Civil Procedure 21, a district court may raise the issue of misjoinder of claims or parties *sua sponte*. *McKinney v. Hemsley*, No. 14-3564, 2015 WL 5949846, at *3 (D.N.J. Oct. 9, 2015). Federal Rule of Civil Procedure 20 governs the joinder of parties, and provides that "[a] plaintiff may join multiple defendants to a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." *Favoroso v. New Jersey*, No. 11-5061, 2012 WL 1372280, at *3 (D.N.J. Apr. 19, 2012). To that end, "a district court has broad discretion in deciding whether to sever a party." *Boyer v. Johnson Matthey, Inc.*, No. 02-8382, 2004 WL 835082, at *1 (E.D. Pa. Apr. 16, 2004).

Here, Defendant is not properly joined because the claim asserted against it does not arise from the same transaction or occurrence as the legal malpractice claim. Plaintiff has sued Mr. Ween and his law firm for their alleged deficiencies in representing Plaintiff in the New York matters. The New York matters began in 2011 (Compl. at 1), so they necessarily involve conduct that occurred in 2011 or earlier. To the extent that Plaintiff is attempting to re-litigate claims that were addressed in the New York matters, they are barred by the doctrine of res judicata. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008) (citing *Post v. Hartford Ins. Co.*, 501 F.3d 154, 169 (3d Cir.2007)) ("[R]es judicata bars not only claims that were brought in a previous action, but also claims that could have been brought."). By definition, any claims that Plaintiff could properly assert in this Court that involve Defendant's alleged misconduct necessarily arise from a different transaction or occurrence than those raised in the New York matters. Moreover, Plaintiff states that he is not attempting to re-litigate claims addressed in the New York matters, and that the events giving rise to the breach of contract claim here are separate and distinct occurrences. *See* Plf's Motion to Dismiss Br. at 6, D.E. 37 ("These [breach of contract] allegations were not at issue in any of the prior lawsuits, and, in fact, did not arise until sometime in 2013, after the prior lawsuits had been adjudicated.").

A court has two remedial options to remedy misjoinder. "[M]isjoined parties may be dropped 'on such terms as are just'; or [] any claims against misjoined parties 'may be severed and proceeded with separately.'" *DirecTV, Inc.*, 467 F.3d at 845 (quoting Fed. R. Civ. P. 21). However, when a court "drops" a defendant under Rule 21, that defendant is dismissed from the case without prejudice and the statute of limitations is not tolled. *Id.* If a court "severs" a claim, "the suit simply continues against the severed defendant in another guise." *Id.* Therefore, a court's

discretion as to which remedy to choose "is restricted to what is 'just,'" because the decision may have "important and potentially adverse statute-of-limitation consequences." *Id.*

In this instance, the Court will drop Defendant as a party to this matter. This result is just because, if he chooses to do so, Plaintiff can re-file his breach of contract claim as a separate lawsuit. This claim involves conduct that occurred in 2013 so he will not face any statute of limitation issues. *See Chi Kee Pang v. Synlyco, Ltd.*, 89 A.D.3d 976, 977 (2d Dept. 2011) ("The cause of action of recover damages for breach of contract is barred by the six-year statute of limitations." (citing CPLR 213[2])). Moreover, the Court seriously questions whether the complaint would survive a motion to dismiss if the Court permitted the severed breach of contract claim to proceed as a separate matter.[2]

### III. CONCLUSION

For the foregoing reasons, Defendant 8835 23rd Ave. Tenants Corp.'s motion to dismiss for lack of subject matter jurisdiction (D.E. 72) is **DENIED**. Defendant, however, is **DISMISSED** from this matter *sua sponte* because it was improperly joined as a party to this matter. An appropriate Order accompanies this Opinion.

Dated: April 6, 2017

John Michael Vazquez, U.S.D.J.

---

[2] First, under the "Cause of Action" section of the Complaint, the alleged breach of contract is not mentioned. Instead, the breach is referred to in the "Demand" section and merely indicates that Plaintiff seeks to "impose [a] penalty on the landlord according to our contract product liability." Second, as pled, the Complaint asserts no facts by which the Court or Defendant can determine what contract was breached, when the breach occurred, or what conduct caused the alleged brief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007))). Third, although clarified in the submissions to the Court, the breach of contract claim as pled could also be reasonably construed as a product liability claim.

7